UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUGUSTUS ROBINSON, #235216,

        Petitioner,

                                  CASE NO. 2:15-CV-11288
v.                              HONORABLE PAUL D. BORMAN

LORI GIDLEY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL AND TO EXPAND THE RECORD, HOLD AN EVIDENTIARY HEARING, CONDUCT DISCOVERY, AND PROCEED UNDER 28 U.S.C. 2254(e)**

Michigan prisoner Augustus Robinson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his first-degree criminal sexual conduct convictions which were imposed following a jury trial in the Kent County Circuit Court. Petitioner was sentenced as a third habitual offender to concurrent terms of six to 30 years imprisonment. This matter is before the Court on Petitioner's motion for appointment of counsel and his motion to expand the record, hold an evidentiary hearing, conduct discovery, and proceed under 28 U.S.C. § 2254(e).

In support of his motion for appointment of counsel, Petitioner alleges that his litigation efforts are hampered by his confinement, that he has limited law library access, that he has limited legal knowledge, and that he is financially unable to retain legal counsel. Petitioner has no absolute right to be represented by counsel on federal habeas

corpus review. *Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).

Petitioner has submitted pleadings in support of his habeas claims. Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); Rule 6(a) and 8(c); 28 U.S.C. foll. § 2254. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for appointment of counsel. The Court will bear in mind Petitioner's request if, following receipt of the answer and state court record, the Court finds that appointment of counsel is necessary. Petitioner need not file another motion regarding this issue.

Petitioner also seeks to expand the record, hold an evidentiary hearing, conduct discovery, and proceed under 28 U.S.C. § 2254(e) alleging that he did not receive an adequate review in the state courts. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition at the time the answer is filed. *See* Rule 5, 28 U.S.C. foll. § 2254. The Court may also require that the record be expanded to include additional materials relevant to the determination of the habeas petition. *See* Rule 7, 28

U.S.C. foll. § 2254. With regard to an evidentiary hearing, Rule 8 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8, 28 U.S.C. foll. § 2254. As to discovery, a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A federal habeas court may authorize a party to conduct discovery upon a showing of good cause. Rule 6(a), 28 U.S.C. foll. § 2254. Under 28 U.S.C. § 2254(e), facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

Given that Respondent has not yet filed an answer to the petition or the state court record, Petitioner's request to expand the record, hold an evidentiary hearing, conduct discovery, and/or proceed under 28 U.S.C. § 2254(e) is premature. Additionally, the Court notes that federal habeas review is generally limited to the record that was before the state court. *See Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011) (ruling that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the

3

state court that adjudicated the claim on the merits"). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion. The Court will bear in mind Petitioner's request should further development of the record be necessary for the proper resolution of this matter. Petitioner need not file another request concerning this issue.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2015.

s/Deborah Tofil
Case Manager